UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSEPH D. GILBERTI, PE, a licensed
Professional Engineer in the State of Florida,

                    Plaintiff,

          -against-

POPE LEO XIV (ROBERT FRANCIS
PREVOST), et al.,

                    Defendants.

1:26-CV-1575 (LTS)

ORDER OF DISMISSAL UNDER
28 U.S.C. § 1915(g)

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Joseph D. Gilberti, who is currently incarcerated in the Wakulla Correctional Institution, in Crawfordville, Florida, brings this action *pro se*.[1] Plaintiff has not paid the fees to bring this action. Thus, the Court understands that he seeks to proceed *in forma pauperis* ("IFP"). Plaintiff has been recognized, however, as barred from filing federal civil actions IFP as a prisoner under the "three-strikes" provision of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g). *See Gilberti v. Rogan*, 1:25-CV-0490 (W.D. Tex. May 12, 2025) (citing Plaintiff's strikes).

Under that provision:

[i]n no event shall a prisoner bring a civil action . . . [IFP] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

---

[1] The Court acknowledges that Plaintiff has named, in his complaint commencing this action, among many other defendants, the undersigned and District Judge Louis L. Stanton of this court. In addition to his complaint, Plaintiff has filed a "Notice of Evidence" (ECF 4), which the Court construes as a supplement to the complaint.

Although Plaintiff has filed this new civil action seeking IFP status, his complaint does not show that he was under imminent danger of serious physical injury at the time that he filed his complaint commencing this action.[2] Instead, Plaintiff's complaint asserts claims arising from an allegedly fraudulent transfer of land. (ECF 1, at 4.) In his complaint's supplement, Plaintiff asks the Court to direct Pope Leo XIV "to expose unique access and PRIMARY DRINKING WATER resources hidden and attacked by Defendants, Media, and Universities." (ECF 4, at 1.) Accordingly, pursuant to the Section 1915(g) filing bar, the Court denies Plaintiff IFP status and dismisses this action without prejudice.

## CONCLUSION

The Court denies Plaintiff IFP status and dismisses this action without prejudice pursuant to the PLRA's "three-strikes" filing bar.[3] *See* 28 U.S.C. § 1915(g). Plaintiff remains barred from filing any future civil action IFP while he is a prisoner, unless he is under imminent danger of serious physical injury.[4] *Id.*

---

[2] An imminent danger is one "existing at the time the complaint is filed." *Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002). A danger "that has dissipated by the time a complaint is filed" is not sufficient. *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009).

[3] Plaintiff may commence a new federal civil action as a prisoner by paying the relevant fees. If Plaintiff does so and names a governmental entity or a governmental officer or employee as a defendant, his complaint commencing that action will be reviewed under 28 U.S.C. § 1915A, which requires the Court to dismiss *any* such action from a prisoner if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

[4] The Court may bar any vexatious litigant (including a nonprisoner) from filing future civil actions in this court (even if the relevant fees are paid) without first obtaining leave from the court. *See In re Martin-Trigona*, 9 F.3d 226, 228-30 (2d Cir. 1993) (discussing sanctions courts may impose on vexatious litigants, including "leave of court" requirement). The Court reminds Plaintiff that, regardless of his custody status, this court has previously warned him that:

> if he files any further vexatious, frivolous, or otherwise nonmeritorious litigation in this court, it may result in the court issuing an order directing him to show

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order

would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal.

*See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter a judgment dismissing this action without

prejudice for the reason set forth in this order.

SO ORDERED.

Dated:    March 19, 2026
          New York, New York

                                      /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                    Chief United States District Judge

---

cause why the court should not bar him from filing any future civil action in this
court IFP without the court's leave to file.

*Gilberti v. Bush*, No. 1:24-CV-7180 (LLS), 2025 WL 2930753, at *3 (S.D.N.Y. Oct. 14, 2025)
(footnote omitted), *appeal pending*, No. 25-2847 (2d Cir.). That warning remains in effect.